UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELINDA STOCKSTILL, ET AL.  CIVIL ACTION

VERSUS  NUMBER 10-95-FJP-SCR

WAL-MART STORES, INC., ET AL.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 20, 2010.

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELINDA STOCKSTILL, ET AL.        CIVIL ACTION

VERSUS                            NUMBER 10-95-FJP-SCR

WAL-MART STORES, INC., ET AL.

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion for Remand filed by plaintiff Melinda Stockstill, individually and on behalf of her minor children, Emily Stockstill and Maizie Stockstill. Record document number 21. The motion is opposed.[1]

Plaintiff filed a Petition for Damages in state court against defendants Wal-Mart Stores, Inc., Wal-Mart Louisiana, L.L.C. and insurer, UNARCO Industries, L.L.C., to recover damages sustained when a Wal-Mart shopping cart holding the two children allegedly malfunctioned. Plaintiff alleged that while shopping at a Wal-Mart store in Denham Springs, Louisiana, she placed her daughter Maizie in the child seat of the shopping cart and her daughter Emily in the basket of the shopping cart. Plaintiff alleged that the back panel of the cart under the handle swung outward causing Emily to be ejected backwards onto the floor. Plaintiff alleged that Maizie fell backwards out of the child seat and hit the back of her head on the bottom of the basket.

---

[1] Record document number 25.

Plaintiff alleged that the accident caused serious, long-term debilitating injuries to both children. Plaintiff specified that Emily suffered injuries to her head and Maizie suffered injuries to her head, brain, and neurological system. Plaintiff sought recovery of past, present, and future damages for physical pain and suffering, mental pain, medical expenses, loss of enjoyment of life, loss of future income, and loss of earning capacity. Plaintiff also sought loss of consortium, loss of society and companionship, and loss of income. In her state court petition the plaintiff requested a jury trial based on the amount of her damages.

Defendants removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2] Defendants argued that the required amount in controversy was facially apparent from the allegations in the plaintiff's petition, specifically pointing to the allegations describing the nature of the injuries sustained by Emily and Maizie, the types of damages sought, and the request for a jury trial.

---

[2] Defendants asserted that the plaintiffs were citizens of Louisiana and defendant Wal-Mart Stores, Inc. is a Delaware corporation with it principal place of business in Arkansas. Wal-Mart Louisiana, L.L.C. is a Delaware limited liability company with its sole member being Wal-Mart, East LP, a Delaware limited partnership, whose two partners are WSE Management, L.L.C. and WSE Investment, L.L.C. both whose sole member is Wal-Mart East, Inc. which is fully owned by Wal-Mart, Stores, Inc.

2

Nine months after removal the plaintiff moved to remand, arguing that the amount in controversy needed to support diversity jurisdiction under § 1332 is not present. Plaintiff asserted that it is not facially apparent from the details included in her petition that her claims exceeds $75,000. Plaintiff also asserted that she stipulated to damages below the sum of $74,999.99, exclusive of costs and interest, and thus the amount in controversy requirement cannot been satisfied.

## **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts-

3

--preferably in the removal petition, but sometimes by affidavit-- that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994).

Under Louisiana law, a plaintiff is entitled to a jury trial only when the claims exceed $50,000 exclusive of costs and interest. LSA-C.C.P. art. 1732(A)(1). Louisiana Civil Code article 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

## Analysis

It is facially apparent from the allegations in the plaintiff's state court Petition for Damages that the value of her claim likely exceeds $75,000 exclusive of interest and costs. A review of the types of injuries alleged in the petition at the time of removal clearly establish that the jurisdictional amount has been met. As the defendants pointed out, these injuries include serious head, brain, and neurological injuries to a 2 ½ year old child. Plaintiff also described Maizie's injuries as severe, life-long, and debilitating. The case law cited by the defendants demonstrates that similar injuries result in exposure to damages well in excess of the jurisdictional amount.

Plaintiff's allegation in her petition that her claim exceed the amount required by state law to be entitled to a trial by jury also indicates that at the time of removal she believed the amount of her claim was greater than $50,000. Plaintiff did not include a general allegation in her state court petition that her claim is for less than the jurisdictional amount required under § 1332. While not determinative, these factors support the defendants' position.

Based on the aforementioned allegations, the defendants have established that at the time of removal the plaintiff sought damages of more than $75,000.00. Plaintiff's post-removal "stipulation" does not clarify any ambiguity about the injuries or

5

damages alleged in her petition, and so it cannot be considered. But even if it could be considered, her "stipulation" would be ineffective.

Plaintiff relied solely on the following statement in her Motion for Remand: "the Plaintiff has stipulated that the amount in controversy in this matter does not exceed $74,9999.99, exclusive of interest and costs, said stipulation being binding on the Plaintiff." Because the motion was not signed by the plaintiff, it is ineffective as a binding stipulation, and there is no separate stipulation signed by the plaintiff. The record is devoid any affidavit or other document executed by the plaintiff binding her to not accept total damages in excess of $75,000.00. Thus, the plaintiff has failed to establish that her damages are legally certain to be less than the jurisdictional amount.[3]

Accordingly, the defendants have shown by a preponderance of the evidence that the amount in controversy required by § 1332 is met in this case.

### Recommendation

It is the recommendation of the magistrate judge that the Motion for Remand filed by plaintiff Melinda Stockstill,

---

[3] Furthermore, the plaintiff has not shown that she can now stipulate to damages of less than $75,000 on behalf of her minor children without court approval. See Louisiana Code of Civil Procedure article 4265; *Davidson v. Exxon Corp.*, 778 F.Supp. 909, 910 (E.D.La. 1991).

6

individually and on behalf of her minor children, Emily Stockstill and Maizie Stockstill, be denied.

Baton Rouge, Louisiana, December 20, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE