UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELINDA STOCKSTILL, ET AL.　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　NUMBER 10-95-FJP-SCR

WAL-MART STORES, INC., ET AL.

**<u>NOTICE</u>**

　　　Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　　In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　Baton Rouge, Louisiana, January 25, 2011.

　　　　　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELINDA STOCKSTILL, ET AL.        CIVIL ACTION

VERSUS                                   NUMBER 10-95-FJP-SCR

WAL-MART STORES, INC., ET AL.

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

Before the court is the Supplemental and Amending Motion to Remand filed by plaintiff Melinda Stockstill, individually and on behalf of her minor children, Emily Stockstill and Maizie Stockstill. Record document number 27. The motion is opposed.[1]

A Magistrate Judge's Report was issued recommending that the plaintiff's Motion for Remand be denied.[2]

Plaintiff argued in her supporting memorandum that the allegations made in her Petition for Damages "were made by Plaintiff in good faith to protect her rights and the rights of her minor children, Emily Stockstill and Maizie Stockstill out of an abundance of caution."[3] "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. ... The inability of plaintiff to

---

[1] Record document number 28.

[2] Record document numbers 21, Motion for Remand, and 26, Magistrate Judge's Report. Plaintiff did not file any objection the report or the recommendation that her Motion to Remand be denied. The time to file objections has expired.

[3] Record document number 27, p. 1.

recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 590 (1938). Relying on the allegations in the Petition for Damages regarding the injuries to her children – which are unambiguous and were made by the plaintiff in good faith – the defendants removed the case to this court.

Plaintiff's reliance on conversations between her attorney and the attorney for the defendants, in which the plaintiff's attorney expressed uncertainty as to Maizie's medical condition, is unavailing. The jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* Plaintiff cited no authority which allows the court to consider such conversations when they are offered to contradict the

2

unambiguous, good faith allegations in the Petition for Damages.

Plaintiff's reliance on conversations before and during the scheduling conference is likewise unavailing. As the Scheduling Order reflected, the uncertainty about the jurisdictional amount was based on "recently obtained medical records" (meaning recently obtained by the plaintiff's attorney), and not any ambiguity about the basis for jurisdiction, i.e. the injuries alleged in the Petition for Damages.[4] Furthermore, the allegations in the Petition for Damages were made notwithstanding the medical opinions of Dr. Lalania Schexnayder and Dr. Stephen Nelson. Neither of them linked Maizie's medical condition to the Wal-Mart accident.[5] Therefore, making those allegations implies that the plaintiff did not agree with the doctors' opinions, which she now relies on to support her motion.[6]

There is no ambiguity about the allegations of injury in the

---

[4] The Scheduling Order simply noted the information provided by the plaintiff's attorney and that the attorneys would discuss whether the case should be remanded. The discussion at the scheduling conference, as reflected in the Scheduling Order, is not a finding or determination of any kind.

[5] Record document number 27-9, exhibit F, and 27-10, exhibit G.

[6] It is not clear whether the plaintiff or her attorney knew of the doctor's opinions before the Petition for Damages was filed. However, the plaintiff did not assert that she did not know the doctors' opinions before the Petition for Damages was filed. Plaintiff did not obtain the services of her attorney until December 29, 2009, about two weeks before her claims would have prescribed. Record document number 27-1, supporting memorandum, p. 9. Consequently, it is unlikely that the plaintiff's attorney had sufficient time to conduct a thorough pre-filing investigation of the injuries to the plaintiff's children.

There is no ambiguity about the allegations of injury in the Petition for Damages; rather there was only uncertainty about whether the plaintiff could prove her allegations.

As the defendants correctly argued, the plaintiff's post-removal affidavit/stipulation comes too late to provide a basis for remanding the case to the state court.[7] Given the unambiguous allegations in her Petition for Damages, the plaintiff cannot cause a remand by now stipulating that she will not accept any amount in excess of $74,999.99 after a remand is granted.

For the reasons stated in the Magistrate Judge's Report and the additional reasons stated herein, the plaintiff's Supplemental and Amending Motion to Remand should also be denied.

### **Recommendation**

It is the recommendation of the magistrate judge that the Supplemental and Amending Motion to Remand filed by plaintiff Melinda Stockstill, individually and on behalf of her minor children, Emily Stockstill and Maizie Stockstill, be denied.

Baton Rouge, Louisiana, January 25, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Defendants also argued that the plaintiff's Supplemental and Amending Motion to Remand is procedurally defective because it was filed without leave of court or their consent. It is unnecessary to address this argument.

4